IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTON HARRIS,            )
    Petitioner,         )    Civil Action No. 15-cv-1 Erie
                         )
v.                       )    District Judge Barbara Rothstein
                         )    Magistrate Judge Susan Paradise Baxter
BOBBY MEEKS,             )
    Respondent.         )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Anton Harris, be denied.

## II.  REPORT

In his petition for a writ of habeas corpus [ECF No. 3], which he filed pursuant to 28 U.S.C. § 2241, Petitioner contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329, 333-34 (1992), 28 C.F.R. § 0.96, erred in computing his federal sentence.

### A.  Relevant Background

On January 10, 2012, Petitioner was arrested by federal law enforcement officers in Detroit, Michigan, pursuant to federal criminal charges pending against him.. He was released on bond on January 11, 2012. On August 3, 2012, Petitioner was arrested by officers of the Detroit, Michigan Police Department and charged with drugs/firearms offenses. He was released on bond/bail that same day.

1

On or around March 22, 2013, Petitioner pleaded guilty in the United States District Court for the Eastern District of Michigan to Conspiracy to Distribute and to Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court continued his bond. On October 4, 2013, the court sentenced him to a term of 120 months of imprisonment, with a five year term of supervised release to follow. The court made no recommendations to the BOP. It continued bond and directed Petitioner to surrender for service of his federal sentence on the date to be communicated by the United States Marshals Service.

On October 21, 2013, a stipulated Order was issued to permit the removal of the tether from Petitioner while he remained released on bond. On February 20, 2014, he voluntarily surrendered to the United States Marshals Service to commence service of his federal sentence. The BOP computed Petitioner's federal sentence as having commenced on that date. It has determined that Petitioner is entitled to receive three days of prior custody credit for time served from January 10, 2012 through January 11, 2012, and on August 3, 2012. Assuming he receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is November 3, 2022.

Petitioner contends that he should receive sentencing credit for time spent under the restrictive conditions of bond. He challenged the BOP's computation of his sentence through its administrative appeal process. After that appeal was denied, he filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the conditions of his bond were so restrictive that the days he was on bond amounted to detention for purposes of his federal sentence computation. In the answer [ECF No. 7], Respondent asserts that the BOP properly calculated Petitioner's federal sentence and that the petition should be denied. Petitioner did not file a reply.

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. At the time Petitioner filed this action, he was incarcerated within the territorial boundaries of the Western District of Pennsylvania. Thus, this Court has jurisdiction under § 2241 to consider Petitioner's claim that the BOP has erred in computing his sentence.

### C. Discussion

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

#### 1. Calculation of the date upon which a federal sentence commences

Paragraph (a) of § 3585 governs the date a federal sentence commences. It provides:

3

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, **or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served**.

18 U.S.C. § 3585(a) (emphasis added).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). The BOP will not commence a sentence earlier than the date it is imposed. PS 5880.28, Chapt. 1, Page 13. See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

As set forth above, Petitioner voluntarily surrendered for service of his federal sentence on February 20, 2014. Therefore, in accordance with § 3585(a), the BOP determined that his federal sentence commenced on that date. There is no basis for the Court to disturb the BOP's determination in this regard and, as Respondent notes in the answer, there appears to be no dispute with respect to the date Petitioner's federal sentence commenced. His complaint is with the BOP's "prior custody credit" determination, which is addressed immediately below.

4

## 2. Calculation of prior custody credit under § 3585(b)

Paragraph (b) of § 3585 governs the amount of credit an inmate may receive for time served in official detention prior to the commencement of his federal sentence. It provides:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent **in official detention** prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

(Emphasis added).

Records maintained by the BOP reflect that Petitioner's offense conduct concluded in March 2011. Between March 2011 and February 20, 2014 (the date his federal sentence commenced), Petitioner was in official detention from January 10, 2012 (the date he was arrested) through January 11, 2012 (the date he was released on bond). He was also in official detention on August 3, 2012 (the date he was arrested again). Because the three days Petitioner was in official detention during this time span was not credited against any other sentence, those three days qualify as prior custody credit under § 3585(b).

Petitioner asserts that, because he was under restrictive conditions of release, all the time he spent on bond from January 11, 2012 through October 21, 2013 (the date the electronic tether was ordered removed) should also be treated as prior custody credit under § 3585(b). The BOP has determined that he is not entitled to prior custody credit for the time he was on home detention because he was not "in official detention" during that time. As explained to him when his administrative remedy appeal was denied:

5

> Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), precludes the application of credit for time spent on home confinement or electronic monitoring as a condition of release from custody via bond, as time spent on home confinement or electronic monitoring as a condition of bond is not considered "official detention." In Reno v. Koray, 115 S.Ct. 2021 (1995), the Supreme Court upheld the Bureau of Prisons' position that time spent on home confinement or electronic monitoring as a condition of release from custody is not "official detention" under Title 18 U.S.C. § 3585(b).

(National Inmate Appeals Acting Administrator Response, Resp's Ex. 1b, ECF No. 7-3 at 7).

The BOP's decision with regard to Petitioner's prior custody credit is in accordance with its policies, which are set forth in PS 5880.28 and which provides:

> **Official detention.** "Official detention" is defined, for purposes of this policy, as time spent under a federal detention order. This also includes time spent under a detention order when the court has recommended placement in a less secure environment or in a community based program as a condition of presentence detention….
>     In Reno v. Koray, 115 S.Ct. 2021 (1995), the U.S. Supreme Court held that time spent under restrictive conditions of release (including time spent in a community treatment center (CCC) or similar facility) was not official detention entitling an inmate to prior custody time credit under 18 U.S.C. § 3585(b). The court found that the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prisons' interpretation that a defendant is **either released** (with no credit for time under conditions of release) **or detained** (with credit for time in official detention).
>     - - -
>     The Koray decision means, therefore, that time spent in residence in a CCC or similar facility as a result of the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. In addition, a release condition that is "highly restrictive," and that includes "house arrest," "electronic monitoring" or "home confinement"; or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**
>     - - -
>     Official detention does not include any time in a release status even though the defendant is considered "in custody" for purposes of pursuing a habeas corpus petition with the court, as cited by the U.S. Supreme Court in Hensley v. Municipal Court, 411 U.S. 345 (1973) (see also Cochran v. U.S., 489 F.2d 691 (5th Cir. 1974); Villaume v.

6

United States, 804 F.2d 498 (8th Cir. 1986) (per curiam), cert. denied, 481 U.S. 1022 (1987)).

PS 5880.28, Page 1-14F-14H, 1-16 (all emphasis in original).

There is no basis for the Court to disturb the BOP's determination regarding the amount of prior custody credit to which Petitioner is entitled. Its determination is in accordance with its interpretation of § 3585(b) and its policies applying that statute, and this Court cannot conclude that those policies are an impermissible construction of § 3858(b). Koray, 515 U.S. at 56-65 (it was an error for court of appeals to fail to defer to the BOP's interpretation of the phrase "official detention" and its determination that time spent under restrictive conditions while released on bail is not "official detention" under § 3585(b)). See also Snyder v. Attorney General of United States, 612 F.App'x 645 (3d Cir. 2015).

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied.[1]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  July 18, 2016
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

cc: The Honorable Barbara Rothstein
United States District Judge

Respondent's counsel via CM/ECF and to
Petitioner via first-class mail at his address or record[2]

---

[2] The Court expressly advised Petitioner that he is under a continuing obligation to notify the Court of any change of address. [ECF No. 4].